```
         IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF IOWA
                   WESTERN DIVISION
```

| RODGER DALE BRITT, | |
|---|---|
| Plaintiffs, | **No. 11-CV-04100-DEO** |
| v. | **INITIAL REVIEW ORDER** |
| JASON SMITH, DAN PINGEL, BRAD WITTROCK, JENNIFER MACKLIN, MELISSA COPE, AND CHARLES PALMER, | |
| Defendants. | |

**I. INTRODUCTION AND BACKGROUND**

This matter is before this Court on Rodger Dale Britt's (Plaintiff's) pro se 42 U.S.C. § 1983 complaint, motion for appointment of counsel, and motion to proceed in forma pauperis. Docket Nos. 1, 1-1, and 2. Plaintiff is committed under Iowa law as a sexually violent predator and is currently housed at the Civil Commitment Unit for Sex Offenders (CCUSO)[1] in Cherokee, Iowa. Plaintiff's claims are difficult to

---

[1] CCUSO is not a prison facility; it "provides a secure, long term, and highly structured environment for the treatment of sexually violent predators." Iowa Department of Human Services Offer #410-HHS-014: CCUSO, 1 http://www.dhs.state.ia.us/docs/11w-401-HHS-014-CCUSO.pdf, last visited February 22, 2012. The patients at CCUSO "have served their prison terms but in a separate civil trial have been found likely to commit further violent sexual offenses." Id.

follow, but he seems to allege that Defendants, various CCUSO employees, have deprived him of his property without due process of law in violation of the Fourteenth Amendment. Docket No. 1-1. His complaint also contends that the deprivation of his due process rights were enhanced by Defendants' interference with a criminal theft compliant he filed with local law enforcement, as well as lying to law enforcement and Plaintiff's lawyers in relation to state tort law claims related to the same property at issue here. Docket No. 1-1.

**II. IN FORMA PAUPERIS**

The filing fee for a 42 U.S.C. § 1983 petition is $350. 28 U.S.C. § 1914(a). In forma pauperis status allows a plaintiff to proceed without incurring filing fees or other Court costs.[2] In order to qualify for in forma pauperis status, a plaintiff must provide this Court an affidavit[3] with

---

[2] Under the Prison Litigation Reform Act, a prisoner who qualifies for in forma pauperis status must still pay the full filing fee in increments. 28 U.S.C. § 1915(b). A prisoner is defined as "any person incarcerated or detained in any facility" for "violations of criminal law . . . ." 28 U.S.C. § 1915(h). CCUSO is not a prison facility and Plaintiff is not a prisoner, thus, 28 U.S.C. § 1915(b) does not apply.

[3] An affidavit is a "voluntary declaration of facts written down and sworn to by the declarant before an officer authorized to administer oaths." Black's Law Dictionary (9th ed. 2009), affidavit.

2

the following statements: (1) statement of the nature of the action, (2) statement that plaintiff is entitled to redress, (3) statement of the assets plaintiff possesses, and (4) statement that plaintiff is unable to pay filing fees and court costs or give security therefor. 28 U.S.C. § 1915(a)(1). Plaintiff's application meets the above requirements. **Therefore, Plaintiff's motion to proceed in forma pauperis is granted. The Clerk of Court shall file Plaintiff's Complaint forthwith. No filing fee will be assessed.**

### III. MERITS OF PLAINTIFF'S CLAIM

Once any portion of the filing fee is waived, a court must dismiss the case if a plaintiff's allegations of poverty prove untrue or the action in question turns out to be frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). **After initial review of Plaintiff's claim, this Court finds that Plaintiff has failed to state a claim upon which relief can be granted.**

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is

entitled to relief." Pro se complaints, no matter how "inartfully pleaded are held to less stringent standards than formal pleadings as drafted by a lawyer." Hughes v. Rowe, 449 U.S. 5, 9 (1980) (internal citations omitted).

Although it is a long-standing maxim that a complaint's factual allegations are to be accepted as true at the early stages of a proceeding, this does not require that a court must entertain any complaint no matter how implausible. The facts pled "must [still] be enough to raise a right to relief above the speculative level . . . ." Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007). In other words, the claim to relief must be "plausible on its face." Id. at 570. A claim is only plausible if a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Where the complaint does "not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]' - 'that the pleader is entitled to relief." Id. at 1950 (citing Fed. Rule Civ. Proc. 8(a)(2)). In addition, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to

legal conclusions." Id. at 1949.

It is a general rule "that the Constitution requires some kind of a hearing *before* the State deprives a person of . . . property." Zinermon v. Burch, 494 U.S. 113, 128 (1990) (citations omitted). "In some circumstances, however . . . a statutory provision for a postdeprivation hearing, or a common-law tort remedy for erroneous deprivation, satisfies due process." Id. (citations omitted). While "a prisoner[4] is not wholly stripped of constitutional protections when he is imprisoned for a crime," those protections are "subject to restrictions imposed by the nature of the" facility "to which they have been lawfully committed." 418 U.S. 539, 555-56 (1974).

A prisoner's due process rights are not violated by the confiscation of property without regard to prison policy regarding notice and opportunity to be heard" so long as there are alternate "post-deprivation" state remedies available. Brown v. Craven, 2003 WL 22511356, 3 (N.D. Tex. 2003).

The State of Iowa recognizes conversion as a legitimate cause of action. See State v. Hollinrake, 608 N.W. 2d. 806,

---

[4] This Court is aware that Petitioner is not technically a prisoner, but prison case law is the closest analog to Plaintiff's situation.

5

808 (Iowa App. 2000) ("Conversion is the intentional exercise of control over property which so seriously interferes with the right of another to control it that the actor may justly be required to pay . . . the full value of the chattel.") (internal quotation omitted). Plaintiff admits that he filed a state tort claim but was denied relief and does not contend that the state remedy was somehow constitutionally inadequate. Plaintiff also admits that he was allowed to contact the Cherokee Police Department on some occasions but not on others. The nature of a civil commitment facility does not permit allowing patients to use phones or contact whomever they wish whenever they wish. Given that Plaintiff ultimately availed himself of the state tort process and was allowed to file a complaint with the Cherokee Police Department, it cannot be said that there were not adequate remedies available under state law, and, as such, Plaintiff has not been deprived of property without due process of law. Hudson v. Palmer, 468 U.S. 517, 533 (1984). If Plaintiff were allowed a federal case each time his property goes missing, "[s]uch reasoning 'would make the Fourteenth Amendment a font of tort law to be superimposed upon whatever systems may already be administered by the States.'" Parratt v. Taylor, 451 U.S. 527, 544 (1981)

6

(quoting <u>Paul v. Davis</u>, 424 U.S. 693, 701 (1976).  **Therefore, Plaintiff's complaint fails to state a claim on which relief can be granted and is hereby dismissed with prejudice.  In addition, Plaintiff's motion for appointment of counsel is denied as moot.**

    **IT IS SO ORDERED** this 22nd day of February, 2012.

                                                */s/ Donald E. O'Brien*
                                         Donald E. O'Brien, Senior Judge
                                         United States District Court
                                         Northern District of Iowa